1  KAREN S. FRANK (No. 130887)
   Email:  kfrank@howardrice.com
2  SARAH M. KING (No. 189621)
   Email:  sking@howardrice.com
3  HOWARD RICE NEMEROVSKI CANADY
        FALK & RABKIN
4  A Professional Corporation
   Three Embarcadero Center, 7th Floor
5  San Francisco, California  94111-4024
   Telephone:   415/434-1600
6  Facsimile:    415/217-5910

7  Attorneys for Plaintiffs
   BROADCAST MUSIC, INC. et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC. et al., | No. C07-02453 CRB |
| Plaintiffs, | Action filed May 8, 2007 |
| v. | FURTHER CASE MANAGEMENT STATEMENT |
| G&M GAME CORPORATION; KRAZY KOYOTE BAR & GRILL; GEORGE D. HEADLEY, JR. & MARCOS ANTHONY HEADLEY, each individually, | Date:       August 24, 2007<br>Time:       8:30 a.m.<br>Place:      Courtroom 8, 19th Floor<br>Judge:     Hon. Charles R. Breyer<br>Trial Date:  None set |
| Defendants. | |

FURTHER CASE MANAGEMENT CONFERENCE STATEMENT     C07-02453 CRB

Plaintiffs Broadcast Music, Inc. et al. (collectively, "Plaintiffs"), hereby submit this Further Case Management Statement. Plaintiffs Broadcast Music, Inc. et al. are filing a one-sided Further Case Management Conference Statement because attempts to confer with defendants have not been successful. Plaintiff's counsel has sought to reconfirm the identity of defendants' counsel, but to date, has not been successful and has had no response to her request to meet and confer on this Case Management Statement.

1. Jurisdiction and Service.

The Court has jurisdiction pursuant to 28 U.S.C. §1338(a), and venue is proper in this Court because the actions at issue in the lawsuit arose in Santa Clara County in this district. All parties have been served.

2. Facts.

Plaintiffs contend that on May 4, 2006 and August 19, 2006 Defendants publicly performed or caused to be performed music at Krazy Koyote Bar & Grill without a license or permission to do so, thereby infringing on the rights Plaintiffs hold in 9 musical compositions. Plaintiffs further contend that Defendants were informed by telephone call and letters, over a period of almost 3 years, of the need and the opportunity to obtain a license to perform music publicly at Krazy Koyote Bar & Grill, and failed to do so. Plaintiffs thereby contend that Defendants' copyright infringement was willful.

3. Legal Issues.

Plaintiffs contend that there is no legal issue as to Defendants' liability for copyright infringement or as to their willfulness in such copyright infringement.

Defendants believe there are legal issues.

4. Motions.

Plaintiffs intend to move for summary judgment against the Defendants.

5. Amendment of Pleadings.

Plaintiffs do not see a need to amend the pleadings at this time.

6. Disclosures.

On August 3, 2007, Plaintiffs served Initial Disclosures on Defendants.

7. <u>Discovery</u>.

Counsel for the parties have not met and conferred regarding the issues Federal Rule of Civil Procedure 26(f) notwithstanding Plaintiffs' efforts to do so.

Plaintiffs believe there is no reason to increase or decrease the limitations imposed by the Federal Rules of Civil Procedure or the Local Rules with respect to discovery.

Plaintiffs anticipate that discovery will include interrogatories, document requests and requests for admission, and that this discovery will focus on the facts and circumstances giving rise to each party's claims against the other, as outlined in Section 2 above. The parties do not currently anticipate taking any depositions.

8. <u>Class Actions</u>.

Not applicable.

9. <u>Related Cases</u>.

There are no related cases pending in this Court.

10. <u>Relief</u>.

Plaintiffs seek an injunction against Defendants' further public performance of Plaintiff's musical works without a license, pursuant to 17 U.S.C. §502; statutory damages in the amount of $3,000 per each of 9 infringements, for a total of $27,000, pursuant to 17 U.S.C. §504(c); and their costs, including reasonable attorneys fees, pursuant to 17 U.S.C. §505.

11. <u>Settlement and ADR.</u>

Pursuant to Local Rule 16-8 and ADR L.R. 3-5(b), Plaintiffs filed an ADR Certification on July 20, 2007.

Defendants submit that mediation may be appropriate.

12. <u>Consent to Magistrate Judge for All Purposes</u>.

Plaintiffs do not consent to have a magistrate judge conduct all further proceedings in this matter.

13. <u>Other References</u>.

The parties do not believe this case is suitable for other references.

14. <u>Narrowing Of Issues</u>.

Plaintiffs believe the issue of Defendants' liability for and willfulness in copyright infringement can be resolved on a motion for summary judgment. *See* Section 4, "Motions," *supra*.

15. <u>Expedited Schedule</u>.

Plaintiffs are amenable to an expedited schedule with streamlined procedures.

16. <u>Scheduling</u>.

Plaintiffs believe the earliest reasonable dates for discovery cutoff, hearing dispositive motions, pretrial conference, and trial are as follows:

| | |
|---|---|
| Fact and expert discovery cutoff: | November 30, 2007 |
| Dispositive motions heard by: | December 31, 2007 |
| Pretrial conference: | January 31, 2008 |
| Trial: | February 29, 2008 |

17. <u>Trial</u>.

Plaintiff does not request a jury trial.

Defendant may request a jury trial.

It does not appear feasible or desirable to bifurcate issues for trial. The anticipated length of the trial is one (1) day. It may be possible to reduce the length of the trial by stipulation, use of summaries or statements, or other expedited means of presenting evidence, and the parties are open to this possibility.

18. <u>Disclosure of Non-party Interested Entities or Persons</u>. Plaintiffs made this disclosure in their Complaint for Copyright Infringement, filed May 8, 2007.

1  DATED: August 11, 2007.

2                                   Respectfully,

3                                   KAREN S. FRANK
                                 SARAH M. KING
4                                 HOWARD RICE NEMEROVSKI CANADY
                                   FALK & RABKIN
5                                 A Professional Corporation

6

7                               By:  _____/s/_____
                                   KAREN S. FRANK

8                               Attorneys for Plaintiffs BROADCAST MUSIC,
                             INC. et al.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOWARD RICE NEMEROVSKI CANADY FALK & RABKIN
*A Professional Corporation*

# PROOF OF SERVICE BY MAIL

I am employed in the City and County of San Francisco, State of California. I am over the age of eighteen (18) years and not a party to the within action; my business address is Three Embarcadero Center, Seventh Floor, San Francisco, California 94111-4024.

I am readily familiar with the practice for collection and processing of documents for mailing with the United States Postal Service of Howard Rice Nemerovski Canady Falk & Rabkin, A Professional Corporation, and that practice is that the documents are deposited with the United States Postal Service with postage fully prepaid the same day as the day of collection in the ordinary course of business.

On August 11, 2007, I served the following document(s) described as **FURTHER CASE MANAGEMENT STATEMENT** on the persons listed below by placing the document(s) for deposit in the United States Postal Service through the regular mail collection process at the law offices of Howard Rice Nemerovski Canady Falk & Rabkin, A Professional Corporation, located at Three Embarcadero Center, Seventh Floor, San Francisco, California, to be served by mail addressed as follows:

G&M Game Corporation
Krazy Koyote Bar & Grill
8337 Church Street
Gilroy, CA 95020

George D. Headley
8337 Church Street
Gilroy, CA 95020

Marcos Anthony Headley
8337 Church Street
Gilroy, CA 95020

Jeffrey E. Elliot, Esq.
28 North First Street, Suite 500
San Jose, CA 95112-2440

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed at San Francisco, California on August 11, 2007.

_____
Cindy N. Powers

FURTHER CASE MANAGEMENT CONFERENCE STATEMENT          C07-02453 CRB
-5-