...

1 KAREN S. FRANK (No. 130887)
Email:  kfrank@howardrice.com
2 SARAH M. KING (No. 189621)
Email:  sking@howardrice.com
3 HOWARD RICE NEMEROVSKI CANADY
     FALK & RABKIN
4 A Professional Corporation
Three Embarcadero Center, 7th Floor
5 San Francisco, California  94111-4024
Telephone:   415/434-1600
6 Facsimile:    415/217-5910

7 Attorneys for Plaintiffs
BROADCAST MUSIC, INC. et al.
8

9                     UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11                         SAN FRANCISCO DIVISION

12

13 BROADCAST MUSIC, INC. et al.,          No. C07-02453 CRB

14        Plaintiffs,                     Action Filed: May 8, 2007

15   v.                                   PLAINTIFFS' BROADCAST MUSIC,
                                          INC. et al.'s NOTICE OF MOTION AND
16 G&M GAME CORPORATION; KRAZY            MOTION FOR SUMMARY
KOYOTE BAR & GRILL; GEORGE D.             JUDGMENT; MEMORANDUM OF
17 HEADLEY, JR. & MARCOS ANTHONY          POINTS AND AUTHORITIES
HEADLEY, each individually,
18                                        Date:     December 14, 2007
          Defendants.                     Time:     10:00 a.m.
19                                        Place:    Courtroom 8, 19th Floor
                                          Judge:    Hon. Charles R. Breyer
20
                                          Trial Date:  None Set
21

PLAINTIFFS' MEMO. ISO MOT. FOR SUMMARY JUDGMENT          C07-02453 CRB

# TABLE OF CONTENTS

| | Page |
|---|---|
| NOTICE OF MOTION | 1 |
| I. PRELIMINARY STATEMENT | 1 |
| II. STATEMENT OF FACTS | 1 |
| III. PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT | 3 |
|     A. There Are No Genuine Issues Of Material Fact. | 3 |
|     B. The Defendants Are Vicariously Liable for Acts of Infringement Committed at Krazy Koyote Bar & Grill. | 5 |
| IV. PLAINTIFFS ARE ENTITLED TO THE RELIEF THEY REQUEST | 7 |
|     A. Injunctive Relief. | 7 |
|     B. Statutory Damages. | 7 |
|     C. Attorney's Fees and Costs. | 9 |
| V. CONCLUSION | 10 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) .................................................. 3

*Boz Scaggs Music v. KND Corp.*, 491 F. Supp. 90 (D. Conn. 1980) ........................... 4, 6

*Broadcast Music, Inc. v. Columbia Broad. Sys., Inc.*, 441 U.S. 1 (1979) ...................... 2

*Broadcast Music, Inc. v. Fox Amusement Co.*, 551 F. Supp. 104 (N.D. Ill. 1982) ........ 9

*Broadcast Music, Inc. v. Moor-Law, Inc.*, 484 F. Supp. 357 (D. Del. 1980), 527 F. Supp. 758 (D. Del. 1981), *aff'd without published opinion*, 691 F.2d 491 (3d Cir. 1982) ............................................................................................ 2

*Broadcast Music, Inc. v. Niro's Palace, Inc.*, 619 F. Supp. 958 (N.D. Ill. 1985) .......... 7

*Broadcast Music, Inc. v. Pine Belt Inv. Developers, Inc.*, 657 F. Supp. 1016 (S.D. Miss. 1987) ............................................................................................. 4, 5, 6

*Broadcast Music, Inc. v. The Peppermint Club, Inc.*, 229 U.S.P.Q. 534 (N.D. Ohio 1986) ................................................................................................... 6

*Broadcast Music, Inc. v. Triple L Vending, Inc.*, 5 U.S.P.Q. 2d 1346 (W.D. Tex. 1987) .................................................................................................... 8, 9

*F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228 (1952) ....................... 8

*Gershwin Publ'g Corp. v. Columbia Artist Mgmt., Inc.*, 443 F.2d 1159 (2d Cir. 1971) .................................................................................................. 6

*Halnat Publ'g Co. v. L.A.P.A., Inc.*, 669 F. Supp. 933 (D. Minn. 1987) ...................... 8

*Herbert v. The Shanley Co.*, 242 U.S. 591 (1917) ....................................................... 8

*Int'l Korwin Corp. v. Kowalczyk*, 855 F.2d. 375 (7th Cir. 1988) ................................. 9

*Milene Music v. Gotauco*, 551 F. Supp. 1288 (D.R.I. 1982) ............................... 4, 6, 7, 9, 10

*Music City Music v. Alfa Foods Ltd.*, 616 F. Supp. 1001 (E.D. Va. 1985) ................... 8

*M. Witmark & Song v. Calloway*, 22 F.2d 412, 414 (E.D. Tenn. 1927) ...................... 6

*Nick-O-Val Music Co., Inc. v. P.O.S. Radio, Inc.*, 656 F. Supp. 826 (M.D. Fla. 1987) ............................................................................................... 6, 9

*Prater Music v. Williams*, 5 U.S.P.Q. 2d 1813 (W.D. Mo. 1987) ................................ 8, 9

*Rodgers v. Eighty Four Lumber Co.*, 623 F. Supp. 889 (W.D. Pa. 1985) ..................... 8, 9

# TABLE OF AUTHORITIES

**Page(s)**

*Sailor Music v. Mai Kai of Concord, Inc.*, 640 F. Supp. 629 (D.N.H. 1986) — 4, 5, 7

*Shapiro, Bernstein & Co., Inc. v. H.L. Green Co., Inc.*, 316 F.2d 304 (2d Cir. 1963) — 6

*Warner Bros., Inc. v. Lobster Pot, Inc.*, 582 F. Supp. 478 (N.D. Ohio 1984) — 6

*Withtol v. Crow*, 309 F.2d 777, 135 U.S.P.Q. 385 (8th Cir. 1962) — 6

*Wow & Flutter Music v. Len's Tom Jones Tavern, Inc.*, 606 F. Supp. 554 (W.D.N.Y. 1985) — 8

**Statutes and Rules**

17 U.S.C.
 §101 — 1
 §§101 *et seq.* — 1
 §106(4) — 1, 3
 §501(a) — 4, 5
 §502 — 4
 §502(a) — 7
 §504(c) — 4
 §504(c)(1) — 8
 §504(c)(2) — 8
 §505 — 4, 9

28 U.S.C.
 §1338(a) — 1
 §1400(a) — 1
 §1746 — 4

Fed. R. Civ. P.
 36 — 3
 56 — 3
 56(c) — 3
 56(e) — 3

**Other Authorities**

F. Harper, F. James & O. Gray, *The Law of Torts*, §26.3 (2d ed. 1986) — 6

3 M. Nimmer & D. Nimmer, *Nimmer on Copyright* §12.04[A] (2006) — 6

# NOTICE OF MOTION

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 14, 2007, at 10:00 a.m. or as soon thereafter as the matter may be heard in the courtroom of the Honorable Charles R. Breyer, Courtroom 8, 19th Floor, U.S. District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, Plaintiffs' Broadcast Music, Inc. et al. ("Plaintiffs") will and hereby do move for summary judgment on all claims. This motion is made under Federal Rule of Civil Procedure 56 on the grounds below. The motion is based on this Notice of Motion and Motion; the Memorandum of Points and Authorities; the Declarations of Judith M. Saffer, Karen S. Frank, and Lawrence E. Stevens which establish Plaintiffs' claims for relief; all papers filed with the Court; and such arguments as may be made at the hearing.

## I.

## PRELIMINARY STATEMENT

This is an action for copyright infringement brought pursuant to 17 U.S.C. §§101 *et seq.* (the "Copyright Act"). Jurisdiction is vested in this Court under 28 U.S.C. §1338(a) and venue is proper under 28 U.S.C. §1400(a).

## II.

## STATEMENT OF FACTS

Plaintiff Broadcast Music, Inc. ("BMI"), is a "performing rights society" which licenses the right to publicly perform copyrighted musical compositions works on behalf of the copyright owners of these works. 17 U.S.C. §101. The other Plaintiffs are the copyright owners of various compositions which are the subject of this lawsuit. Under the Copyright Act, the owners of copyrights in musical compositions possess the exclusive right to authorize public performances of their works. *Id.* §106(4).

Through agreements with copyright owners such as music publishing companies and

independent composers, BMI acquires non-exclusive public performance rights. BMI has acquired such rights from each of the other Plaintiffs in this action. BMI, in turn, grants to music users such as broadcasters and the owners and operators of concert halls, restaurants, nightclubs and hotels, the right to publicly perform any of the works in BMI's repertoire by means of "blanket license agreements." Declaration of Judith M. Saffer ("Saffer Declaration") ¶2. These agreements have been recognized as the most practical means to exploit copyright owners' public performance rights. *See Broadcast Music, Inc. v. Columbia Broad. Sys., Inc.*, 441 U.S. 1 (1979); *Broadcast Music, Inc. v. Moor-Law, Inc.*, 484 F. Supp. 357 (D. Del. 1980), 527 F. Supp. 758 (D. Del. 1981), *aff'd without published opinion*, 691 F.2d 491 (3d Cir. 1982).

BMI operates as a non profit-making performing rights organization. It distributes all of the money it collects in license fees from music users as royalties to its affiliated publishers and composers, after the deduction of operating expenses and reasonable reserves. Saffer Declaration ¶3.

The Defendants, G&M Game Corporation, George D. Headley, Jr., and Marcos Anthony Headley, own and operate Krazy Koyote Bar & Grill, located at 8337 Church Street, Gilroy, California 95020, which regularly features performances of live and recorded music. As more fully set forth in the Declaration of BMI Assistant Vice-President, General Licensing, Lawrence Stevens, which accompanies this motion (the "Stevens Declaration"), between July 2004 and April 2007, BMI repeatedly informed the Defendants of the need to obtain permission for public performances of copyrighted music. BMI offered to enter into a license agreement with the Defendants, but the Defendants failed to enter into a license agreement. Stevens Declaration ¶¶4-10, 12, 15.

On March 8, 2006, BMI instructed the Defendants to cease public performances of music licensed by BMI. *Id.* ¶7. Nevertheless, public performances of BMI-licensed music continued at Krazy Koyote Bar & Grill after that date and performances of songs owned by the Plaintiffs were noted by a BMI investigator on May 4, 2006, and August 19, 2006. *Id.* ¶11.

The Plaintiffs commenced this action for copyright infringement on May 8, 2007. The Defendants' Answer was served on or about August 21, 2007. The Plaintiffs' First Request for Admissions was served on September 19, 2007. A copy is attached to the Saffer Declaration as Exhibit B accompanying this Motion. The Defendants failed to respond to Plaintiffs' Request for Admissions within the time provided by Federal Rule of Civil Procedure 36 or at any time thereafter. Plaintiffs bring this Motion for Summary Judgment under Federal Rule of Civil Procedure 56. As demonstrated below, there are no issues of fact remaining in this action. Accordingly, Plaintiffs are entitled to Judgment as a matter of law.

### III.

### PLAINTIFFS ARE ENTITLED TO SUMMARY JUDGMENT

The standard for summary judgment is set forth in Rule 56(c) of the Federal Rules of Civil Procedure which states that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the Declarations, if any, show that there is no *genuine* issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). This standard "provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986). Moreover, "when a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials . . . but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

**A.   There Are No Genuine Issues Of Material Fact.**

The Copyright Act provides the owner of a copyright with the exclusive right to perform, or to authorize others to perform, the copyrighted work. 17 U.S.C. §106(4). Any

person who violates this exclusive right is an infringer. *Id.* §501(a). In an action for infringement, the copyright owner may seek statutory damages (*id.* §504(c)), injunctive relief (*id.* §502) and attorney's fees and costs. *Id.* §505.

In order to prevail in an action for copyright infringement, the Plaintiffs must establish the following five elements:

1. Originality and authorship of the copyrighted works involved;
2. Compliance with the formalities of the Copyright Act;
3. Proprietary rights in the copyrighted works involved;
4. Public performance of the compositions involved; and
5. Lack of authorization for public performance.

*Broadcast Music, Inc. v. Pine Belt Inv. Developers, Inc.*, 657 F. Supp. 1016 (S.D. Miss. 1987) ("*Pine Belt*"); *Sailor Music v. Mai Kai of Concord, Inc.*, 640 F. Supp. 629 (D.N.H. 1986); *Milene Music v. Gotauco*, 551 F. Supp. 1288 (D.R.I. 1982); *Boz Scaggs Music v. KND Corp.*, 491 F. Supp. 90 (D. Conn. 1980).

The first three elements are established in the Saffer Declaration, which constitutes sufficient evidence of the facts sworn to therein. 28 U.S.C. §1746. The Saffer Declaration, referring to the Schedule of the Complaint, sets forth the names of the authors and publishers of each composition, the date of copyright registration and the registration number. Saffer Declaration ¶4. The Saffer Declaration is supplemented with copies of each registration certificate. *Id*. & Ex. A. By failing to respond to the Plaintiffs' First Request for Admissions numbers 32, 34 and 36, the Defendants are deemed to have admitted the elements of originality, proper registration and proprietary interest. *Pine Belt*, 657 F. Supp. at 1020; *Milene Music*, 551 F. Supp. 1288. They are also deemed to have admitted that they have no evidence to rebut the Plaintiffs' proof on these three points by failing to respond to the Plaintiffs' First Request For Admissions numbers 31, 33 and 35.

The fourth element, public performance, is established through the Certified Infringement Reports of Christopher K. Pisano who was hired by BMI for the purpose of visiting the establishment and making written reports of musical compositions which were

performed. Stevens Declaration ¶11. Mr. Pisano's Reports are attached to the Stevens Declaration at Exhibit A, as discussed below. Performance of the music may also be established by Declaration. 28 U.S.C. §1746; *Pine Belt*, 667 F. Supp. at 1020; *Sailor Music*, 640 F. Supp. at 629. By failing to respond to the Plaintiffs' First Request For Admissions numbers 25 through 30, the Defendants have admitted performance of the compositions listed on the Schedule and that they have no evidence that these particular BMI-licensed compositions were not performed. *See Pine Belt*, 667 F. Supp. at 1020.

The fifth element is similarly established in the Stevens Declaration. It states that the Defendants did not enter into a BMI license agreement, nor were the performances otherwise authorized. Moreover, Defendants continued to publicly perform copyrighted music without permission after being instructed to cease, as indicated by the Certified Infringement Reports. Stevens Declaration ¶¶5, 10. By failing to respond to Plaintiffs' First Request For Admissions numbers 37 and 38, the Defendants admit that BMI licensed the public performance right in the compositions listed on the Schedule and that they have no evidence controverting this. Defendants also admit that they were not licensed by BMI on May 4, 2006, and August 19, 2006, and that they received correspondence from BMI, including the UPS letter which instructed them to cease unauthorized performances of BMI-licensed music, by failing to respond to Plaintiffs' First Request For Admissions numbers 40 through 69.

**B.     The Defendants Are Vicariously Liable for Acts of Infringement Committed at Krazy Koyote Bar & Grill.**

17 U.S.C. §501(a) provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by Sections 106 through 121 . . . is an infringer of the copyright." Interpreting the equivalent section under the Copyright Act of 1909, the Second Circuit Court of Appeals stated, "Although the Act does not specifically delineate what kind or degree of participation in an infringement is actionable, it has long been held that one may be liable for copyright infringement even though he has not himself performed the protected

composition." *Gershwin Publ'g Corp. v. Columbia Artist Mgmt., Inc.*, 443 F.2d 1159, 1161-62 (2d Cir. 1971).

In an earlier Second Circuit case, the Court stated,

> [T]he cases are legion which hold the dance hall proprietor liable for the infringement of copyright resulting from the performance of a musical composition by a band or orchestra whose activities provide the proprietor with a source of customers and enhanced income. He is liable whether the band leader is considered, as a technical matter, an employee, or an independent contractor . . . .

*See also Shapiro, Bernstein & Co., Inc. v. H.L. Green Co., Inc.*, 316 F.2d 304 (2d Cir. 1963); *Broadcast Music, Inc. v. The Peppermint Club, Inc.*, 229 U.S.P.Q. 534, 537-38 (N.D. Ohio 1986) ("*The Peppermint Club*").

The corporate defendant, G&M Game Corporation, is responsible for the tortious actions of its employees under the doctrine of *respondeat superior*. *Withtol v. Crow*, 309 F.2d 777, 782-783, 135 U.S.P.Q. 385 (8th Cir. 1962); *M. Witmark & Song v. Calloway*, 22 F.2d 412, 414 (E.D. Tenn. 1927). *See generally* F. Harper, F. James & O. Gray, *The Law of Torts* §26.3 (2d ed. 1986). *See also* 3 M. Nimmer & D. Nimmer, *Nimmer on Copyright* §12.04[A] (2006).

Not only is corporation liable for infringements occurring at Krazy Koyote Bar & Grill, but George D. Headley, Jr., and Marcos Anthony Headley are individually liable. "A corporate officer is jointly and severally liable, with his corporation for copyright infringement if he (1) 'has the right and ability to supervise the infringing activity', and (2) 'has a direct financial interest in such activities.'" *The Peppermint Club*, 229 U.S.P.Q. at 538 (quoting *Warner Bros., Inc. v. Lobster Pot, Inc.*, 582 F. Supp. 478, 483 (N.D. Ohio 1984)). *See also Nick-O-Val Music Co., Inc. v. P.O.S. Radio, Inc.*, 656 F. Supp. 826 (M.D. Fla. 1987); *Milene Music*, 551 F. Supp. at 1295; *Boz Scaggs Music*, 491 F. Supp. at 913-14.

The Defendants have admitted that they have the right and ability to control the activities of Krazy Koyote Bar & Grill and that they have a direct financial interest in the corporation by their failing to respond to the Plaintiffs' First Request for Admissions numbers 1 through 22. *See Pine Belt*, 667 F. Supp. at 1018.

# IV.

# PLAINTIFFS ARE ENTITLED TO THE RELIEF THEY REQUEST

Plaintiffs request permanent injunctive relief, statutory damages for each of the claims of infringement, costs and reasonable attorney's fees. Each aspect of the requested relief is briefly discussed below.

## A.  Injunctive Relief.

17 U.S.C. §502(a) provides that the Court may grant final injunctions "to prevent or restrain infringement of a copyright." As one court has stated,

> A permanent injunction is especially appropriate where a threat of continuing infringement exists. . . .  The threat of continuing infringement is substantial in the present case.  Niro's provided unauthorized performances of copyrighted musical compositions on its premises after receiving oral and written notices of infringement and demands to stop such infringement from BMI.  This behavior indicates a willful disregard of copyrights held by BMI and should be permanently enjoined. (*Broadcast Music, Inc. v. Niro's Palace, Inc.*, 619 F. Supp. 958, 963 (N.D. Ill. 1985))

Even where Defendants have secured licenses after the time of the infringements, injunctive relief is warranted.  In *Milene Music*, the Defendants were licensed by the time the court considered the Plaintiffs' Motion for Summary Judgment.  The Court granted injunctive relief stating that "[t]he history of defendants' actions . . . exhibits an unfortunate tendency conveniently to ignore, from time to time, . . . the plaintiffs' proprietary rights." 551 F. Supp. at 1295-1296.  *See also Sailor Music*, 640 F. Supp. at 634-35.

In this instance where the Defendants are as yet unlicensed and continue to offer unauthorized performances of the Plaintiffs' music, broad injunctive relief is appropriate and necessary.

## B.  Statutory Damages.

The Copyright Act empowers a Plaintiff to elect to receive an award of statutory damages "in a sum of not less than $750 or more than $30,000" per infringement in lieu of

an award representing the Plaintiffs' actual damages and the Defendant(s)' profits.  17 U.S.C. §504(c)(1).  Furthermore, "[i]n a case where the copyright owner sustains the burden of proving . . . that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."  17 U.S.C. §504(c)(2).  Within these statutory limits, the assessment of damages is at the discretion of the court.  *See F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231-32 (1952).  Statutory damages are "designed to discourage wrongful conduct . . . and vindicate the statutory policy."  *Id.* at 233.  "The court's award should be designed to compensate plaintiffs as well as to punish defendant[s]."  *Prater Music v. Williams*, 5 U.S.P.Q. 2d 1813, 1816 (W.D. Mo. 1987).

According to the Stevens Declaration, when BMI first contacted the Defendants in July 2004, they were asked to execute a license agreement.  To date, BMI has not received a license agreement or any license fees from the Defendants.  The amount awarded in statutory damages should significantly exceed the amount of unpaid license fees.  As the court in *Prater Music* held, "If the copyright laws are to have any effect, a judgment against [a] defendant must be appreciably more than the amount he would have had to expend to obtain permission."  5 U.S.P.Q. 2d at 1816.  Music users such as the Defendant(s) should be "put on notice that it costs less to obey the copyright laws than to violate them."  *Rodgers v. Eighty Four Lumber Co.*, 623 F. Supp. 889, 892 (W.D. Pa. 1985), quoting *Music City Music v. Alfa Foods Ltd.*, 616 F. Supp. 1001, 1003 (E.D. Va. 1985).  *See also Broadcast Music, Inc. v. Triple L Vending, Inc.*, 5 U.S.P.Q. 2d 1346, 1349 (W.D. Tex. 1987) ("*Triple L Vending*"); *Halnat Publ'g Co. v. L.A.P.A., Inc.*, 669 F. Supp. 933 (D. Minn. 1987).  Musical performances are obviously important to the operation of the Krazy Koyote Bar & Grill.  "If music did not pay, it would be given up."  *Herbert v. The Shanley Co.*, 242 U.S. 591, 595 (1917).

The court, in its discretion, may also augment the amount of statutory damages awarded to reflect the degree of culpability exhibited by the Defendants.  *See Wow & Flutter Music v. Len's Tom Jones Tavern, Inc.*, 606 F. Supp. 554, 555-57 (W.D.N.Y. 1985).

1  "Where a defendant continues to infringe upon copyrights despite repeated warnings, courts
2  have found defendant's conduct to be willful." *Prater Music*, 5 U.S.P.Q. 2d at 1815; *accord*
3  *Int'l Korwin Corp. v. Kowalczyk*, 855 F.2d. 375 (7th Cir. 1988); *Nick-O-Val Music Co., Inc.*,
4  656 F. Supp. at 829; *Rodgers*, 623 F. Supp. at 892.

5  The record supports a finding that the Defendants deliberately violated the Plaintiffs'
6  rights.  According to the Stevens Declaration, between July 2004 and April 2007, BMI sent
7  twenty-eight (28) letters to the Defendants advising them of the need to enter into a license
8  agreement.  Stevens Declaration ¶¶4, 6, 7, 12.  A BMI representative telephoned Krazy
9  Koyote Bar & Grill on eighty-nine (89) occasions.  *Id.* ¶9.  On March 8, 2006, BMI sent
10 Krazy Koyote Bar & Grill an overnight letter informing them that they must immediately
11 cease unauthorized performances of BMI-licensed music.  *Id.* ¶7.  Despite this, a BMI
12 investigator noted the performance of nine (9) BMI-licensed compositions after that date.
13 *Id.* ¶11.
14 This is clearly a situation where the Plaintiffs should be awarded damages well in
15 excess of the statutory minimum.

16

17 **C.  Attorney's Fees and Costs.**
18 The Copyright Act expressly provides that the "court may also award a reasonable
19 attorney's fee to the prevailing party."  17 U.S.C. §505.  Because it is consistent with the
20 purpose of the Copyright Act, courts routinely award the reasonable fees incurred by a
21 Plaintiff asserting its rights.  *See Triple L Vending*, 5 U.S.P.Q. 2d at 1349-52; *Broadcast*
22 *Music, Inc. v. Fox Amusement Co.*, 551 F. Supp. 104 (N.D. Ill. 1982); *Milene Music*, 551 F.
23 Supp. at 1297.

24 In the present case, the Defendants have intentionally ignored their obligation under
25 the Copyright Act and have forced Plaintiffs to engage in litigation to enforce their rights.
26 Accordingly, Plaintiffs should be awarded full attorney's fees.

27 The Copyright Act expressly provides that the court "in its discretion may allow the
28 recovery of full costs by or against any party . . . ."  17 U.S.C. §505.  Under this provision,

the courts have allowed full recovery by the prevailing party of its reasonable costs. *See Milene Music*, 551 F. Supp. at 1297. There are no factors which would militate against an award of the Plaintiffs' costs in the present case. Such an award is particularly appropriate in light of the Defendant(s)' deliberate misconduct and the statutory purpose of encouraging private enforcement of the Copyright Act. To date, Plaintiffs have incurred attorney's fees in the amount of $8,723.00 and costs in the amount of $1,251.25 for a total of $9,974.25. The Declaration of Karen S. Frank setting forth the details for attorney's fees and costs billed to Plaintiffs in this case accompanies this Motion.

# V.

# CONCLUSION

For all of the foregoing reasons, Plaintiffs request that the Court

(1) Enter a Summary Judgment in its favor against each Defendant, jointly and severally;

(2) Enter an order permanently enjoining Defendants from further acts of infringement;

(3) Award Plaintiffs statutory damages in the amount of Twenty Seven Thousand Dollars ($27,000), which represents an award of three thousand dollars ($3,000) for each of the nine (9) acts of copyright infringement alleged in the Complaint;

(4) Award Plaintiffs their full costs in the amount of $1,251.25;

(5) Award Plaintiffs their reasonable attorney's fees in the amount of $8,723.00; and

(6) Grant such other and further relief as the Court deems appropriate.

DATED: November 6, 2007.

        Respectfully,

        KAREN S. FRANK
        SARAH M. KING
        HOWARD RICE NEMEROVSKI CANADY
           FALK & RABKIN
        A Professional Corporation

        By: _____*/s/ Karen S. Frank*_____
                KAREN S. FRANK

        Attorneys for Plaintiffs BROADCAST MUSIC, INC. et al.

HOWARD
RICE
NEMEROVSKI
CANADY
FALK
& RABKIN
*A Professional Corporation*