1  KAREN S. FRANK (No. 130887)
   Email: kfrank@howardrice.com
2  SARAH M. KING (No. 189621)
   Email: sking@howardrice.com
3  HOWARD RICE NEMEROVSKI CANADY
        FALK & RABKIN
4  A Professional Corporation
   Three Embarcadero Center, 7th Floor
5  San Francisco, California 94111-4024
   Telephone: 415/434-1600
6  Facsimile: 415/217-5910

7  Attorneys for Plaintiffs
   BROADCAST MUSIC, INC. et al.
8

9            UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11                SAN FRANCISCO DIVISION

12

13 | BROADCAST MUSIC, INC. et al.,        | No. C07-02453 CRB
14 |              Plaintiffs,              | Action Filed: May 8, 2007
15 |     v.                                | DECLARATION OF LAWRENCE E. STEVENS IN SUPPORT OF
16 | G&M GAME CORPORATION; KRAZY           | PLAINTIFFS' BROADCAST MUSIC,
   | KOYOTE BAR & GRILL; GEORGE D.         | INC. et al.'s NOTICE OF MOTION AND
17 | HEADLEY, JR. & MARCOS ANTHONY         | MOTION FOR SUMMARY
   | HEADLEY, each individually,           | JUDGMENT
18 |                                       |
   |              Defendants.              | Date:  December 14, 2007
19 |                                       | Time:  10:00 a.m.
   |                                       | Place: Courtroom 8, 19th Floor
20 |                                       | Judge: Hon. Charles R. Breyer
21 |                                       | Trial Date: None Set

22

23

24

25

26

27

28

DECL. OF LAWRENCE E. STEVENS ISO MTN FOR SUMMARY JUDGMENT  C07-02453 CRB

W03 102507-157550032/Y8/1428304/v1

I, Lawrence E. Stevens, declare as follows:

1.  I am the Assistant Vice President, General Licensing for Broadcast Music, Inc. ("BMI"). I make this declaration of my own personal knowledge, except as indicated, and could testify to the facts stated herein if called upon to do so. I am fully familiar with the facts and circumstances in this matter, as well as with BMI's general licensing procedures and submit this Declaration in support of BMI's Motion for Summary Judgment.

2.  BMI routinely sends to the proprietors license agreements and information explaining the need to obtain permission from copyright owners in order to lawfully publicly perform copyrighted music in their establishment. Copies of such correspondence are maintained at BMI's Licensing Office, under my supervision.

3.  Prior to July 2004, BMI learned that Krazy Koyote Bar & Grill, located at 8337 Church Street, Gilroy, California 95020, was offering musical entertainment without a license from BMI, or without permission from the copyright owners whose music was being publicly performed.

4.  On July 19, 2004, BMI sent a letter to the establishment and advised that a license was required. An informational brochure and BMI license agreement containing a license fee schedule were enclosed. The letter advised that BMI represented hundreds of thousands of writers and publishers, and that BMI had the right to license several million musical compositions. There was no response.

5.  BMI has not issued a license to any person authorizing the performance at Krazy Koyote Bar & Grill of any of the works alleged to have been infringed. Upon information and belief, none of the owners of the copyrights of any of said works has issued such a license to any person.

6.  BMI sent additional letters on August 9, 2004, August 16, 2004, October 22, 2004, November 5, 2004, December 17, 2004, February 4, 2005, March 3, 2005, March 24, 2005, April 15, 2005 (via DHL), August 31, 2005, September 1, 2005 (via DHL), September 15, 2005, December 5, 2005, December 26, 2005 and January 16, 2006 (via UPS).

7.  On March 8, 2006, BMI sent the Defendants a letter by UPS which instructed them to cease the public performance of BMI licensed music. Additional letters were sent on March 24, 2006 (via facsimile), April 20, 2006, June 27, 2006, August 28, 2006, October 26, 2006, December 29, 2006, and February 28, 2007.

8.  BMI also employs licensing personnel who work under the supervision of the Licensing Directors. They assist BMI's licensing efforts by making telephone calls and personal visits to potential licensees. They make a contemporaneous note of each telephone call and personal visit made. Copies of these records are maintained at BMI's offices, along with copies of the correspondence discussed above.

9.  BMI called the establishment eight-nine (89) times between July 2004 and March 2007. A BMI representative spoke directly with co-defendant George Headley on August 6, 2004 and February 8, 2005. On other occasions, the BMI representative spoke with individuals that identified themselves as employees. Defendants never obtained a license. A BMI representative received a voicemail message from George Headley on November 29, 2004 and the representative returned the call, leaving a voicemail message on December 1, 2004. A BMI representative received a voicemail message from George Headley on April 6, 2005 and the representative returned the call, leaving a voicemail message on April 7, 2005. On April 19, 1997, George Headley returned the call to the BMI representative, leaving a voicemail. The BMI representative returned this call on April 22, 2005, leaving a voicemail message for George Headley. No response was received from Krazy Koyote Bar & Grill from BMI's return phone call to George Headley.

10. Despite BMI's efforts, the Defendants failed to enter into a license agreement with BMI and continue to offer unauthorized public performance of BMI-licensed music.

11. Accordingly, in order to protect the rights of the publishers and writers affiliated with BMI, Christopher K. Pisano was authorized to visit Krazy Koyote Bar & Grill and make written reports of the music being publicly performed. Copies of Mr. Pisano's Certified Infringement Reports are attached as Exhibit A. These Reports include all of the compositions which are alleged in Plaintiffs' Complaint to have been performed.

DECL. OF LAWRENCE E. STEVENS ISO MTN FOR SUMMARY JUDGMENT C07-02453 CRB

-2-

12. On March 2, 2007, I sent defendant George Headley and Marcos Headley each a letter by UPS advising of the investigations and the copyright infringements that had occurred. The letters were signed for as received. I gave them one last opportunity to sign a license before BMI would bring a legal action. Copies of these letters are attached as Exhibit B. I received no response.

13. All correspondence which I have indicated that BMI sent to the Defendants by first-class mail was properly addressed, stamped and deposited in a U.S. mail receptacle by persons in BMI's employ.

14. Copies of the above correspondence are attached as Exhibits to Plaintiffs' Request for Admissions (attached as Exhibit A to Declaration of Judith Saffer).

15. Upon information and belief, the Defendants are still publicly performing music licensed by BMI at Krazy Koyote Bar & Grill and BMI has not received an executed license from the Defendants. Had the Defendants entered into an agreement at the time BMI first contacted them in July 2004, the estimated lost license fees would have been $8,493.00. The current annual license fee would be $3,039.60.

I hereby declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on November 5, 2007 at 12:30 CST.

_____
LAWRENCE E. STEVENS

DECL. OF LAWRENCE E. STEVENS ISO MTN FOR SUMMARY JUDGMENT  C07-02453 CRB

-3-